**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OXEFIT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| TONAL SYSTEMS, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff OxeFit, Inc. ("OxeFit"), for its Complaint for declaratory judgment against Defendant Tonal Systems, Inc. ("Tonal"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. and the patent laws of the United States, 35 U.S.C. § 1 et seq. OxeFit seeks a declaration of non-infringement of United States Patent No. 8,287,434 ("the '434 Patent") as a result of Tonal's affirmative enforcement conduct described below.

**THE PARTIES**

2. Plaintiff OxeFit is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2800 N. Dallas Parkway, Suite #340, Plano, Texas 75093.

3. OxeFit designs, engineers, and sells purpose-built connected strength and cardio training equipment, including its XS1 Peak and XS1 Flow product lines. OxeFit's products are integrated fitness machines engineered for guided strength, cardio, and pilates training, and are marketed and sold for both home gym use and commercial applications, including sports team training, testing

1

and rehabilitation in physical therapy clinics, and fitness facilities in hotels and other multi-dwelling properties.

4. OxeFit was recognized as one of the most innovative fitness and wellness companies of 2026, and consistent with that recognition, has made substantial investments in the development of its own proprietary technology.

5. On information and belief, Defendant Tonal is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 69 Converse Street, Suite 200, San Francisco, California 94103.

6. On information and belief, Tonal is the owner of all right, title, and interest in and to the '434 Patent, and Tonal has represented to OxeFit that it possesses the right to enforce the '434 Patent.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

9. As described in more detail below, an actual, substantial, and continuing controversy of sufficient immediacy and reality exists between OxeFit and Tonal as to whether OxeFit is infringing or has infringed the '434 Patent, such that this Court may properly exercise jurisdiction over this declaratory judgment action.

10. Tonal is subject to personal jurisdiction in this district because Tonal is a Delaware corporation and therefore resides in and is subject to general personal jurisdiction in the District of Delaware.

2

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because Tonal is incorporated in Delaware and therefore resides in this district for venue purposes.

## THE PATENT-IN-SUIT

12. The '434 Patent is entitled "Method and Apparatus for Facilitating Strength Training," and issued on October 16, 2012. A true and correct copy of the '434 Patent is attached hereto as Exhibit A.

13. Claim 1 of the '434 Patent recites:

> [a] method of facilitating strength training exercise by a person using a video gaming system, wherein at least one processor of the video gaming system performs at least the following steps: (a) communicate a first information with an exercise device, the first information indicative of a resistance force during said strength training exercise; (b) monitor progress of said strength training exercise; (c) supply information for a video or an audio signal indicative of the exercise progress; wherein said resistance force can be adjusted, so there is a first magnitude of the resistance force associated with a position during exercise movement, and a second magnitude of the resistance force associated with substantially the same position, the first magnitude substantially different from the second magnitude.

## TONAL'S ENFORCEMENT OF THE '434 PATENT

## AND THREATS AGAINST OXEFIT

14. On May 28, 2026, attorney Timothy Chen Saulsbury of Morrison & Foerster LLP, acting on behalf of Tonal, sent a letter to OxeFit's legal department (the "May 28 Letter") asserting that OxeFit's XS1 Peak and XS1 Flow products infringe at least the '434 Patent. A true and correct copy of the May 28 Letter is attached hereto as Exhibit B.

15. The May 28 Letter enclosed a claim chart purporting to map each limitation of Claim 1 of the '434 Patent onto OxeFit's XS1 Peak and XS1 Flow products. Among other things, the May 28 Letter alleged that the tablet incorporated into the XS1 Peak and XS1 Flow products constitutes the claimed "video gaming system"; that the tablet's processor communicates

3

information indicative of resistance force with the exercise device and monitors the progress of the user's exercise; that the tablet supplies information for a video or audio signal indicative of that progress; and that the accused products' "overload mode" provides a first magnitude of resistance force at a given position during an exercise movement that is substantially different from a second magnitude of resistance force at substantially the same position.

16. The May 28 Letter also referenced Tonal's broader patent portfolio, which Tonal represented includes more than 100 patents, and identified U.S. Patent Nos. 10,661,112; 10,335,626; 11,806,581; 11,426,618; 8,900,099; 9,101,791; 11,285,351; 12,070,642; and 12,017,108 as patents that Tonal contended were "on their face relevant" to OxeFit.

17. The May 28 Letter did not include a claim chart, infringement allegation, or any claim-by-claim infringement analysis for any of those other patents, thus this Complaint accordingly seeks a declaration of non-infringement only as to the '434 Patent.

18. The May 28 Letter demanded that OxeFit immediately cease making, using, offering to sell, selling, and importing its XS1 Peak and XS1 Flow products, and demanded that OxeFit preserve all documents relevant to the alleged infringement. The May 28 Letter further stated that, if OxeFit is found to infringe, Tonal intends to seek lost profits or a reasonable royalty, treble damages for willful infringement, attorneys' fees, and injunctive relief.

19. OxeFit denies that it has infringed or infringes, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '434 Patent, including Claim 1. Among other things, OxeFit contends that the accused products, including their associated tablet interface, do not constitute or incorporate a "video gaming system" as required by Claim 1, and/or do not otherwise practice each and every limitation of Claim 1, whether literally or under the doctrine of equivalents, as that claim is properly construed.

20. The May 28 Letter—including its specific infringement allegations, detailed claim chart, demand that OxeFit cease making, using, offering to sell, selling, and importing the accused products, and threats of monetary and injunctive relief—constitutes affirmative enforcement conduct by Tonal establishing a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '434 Patent.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '434 PATENT

21. OxeFit restates and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

22. Tonal has identified the '434 Patent, and specifically Claim 1 thereof, in correspondence with OxeFit and has asserted that OxeFit's XS1 Peak and XS1 Flow products infringe that claim.

23. OxeFit has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '434 Patent, including Claim 1.

24. Among other things, OxeFit contends that the invention claimed in the '434 Patent is directed to connecting an existing, separate video gaming system to a strength training device, whereas OxeFit's XS1 Peak and XS1 Flow products are a single, fully integrated system designed from the ground up and do not comprise two disparate systems coupled together.

25. OxeFit further contends that the '434 Patent's own Abstract confirms this, describing strength training "facilitated by a video gaming system (VGS)" that "communicates information about the exercise resistance force with an exercise device," with the strength training machine "coupled with the VGS" and acting as "a game controller" for that VGS. The '434 Patent's specification confirms that a "computer embedded into [an exercise device] for entertainment or control is not a video gaming system."

5

26. The tablet interface incorporated into OxeFit's XS1 Peak and XS1 Flow products is a purpose-built, embedded control and instrumentation interface for OxeFit's exercise equipment, and therefore falls squarely within that definitional exclusion.

27. OxeFit contends that its XS1 Peak and XS1 Flow products, including their associated tablet interface, do not constitute or incorporate a "video gaming system" as required by Claim 1 of the '434 Patent; do not use any video gaming system to communicate information about resistance force; and/or do not otherwise meet each and every limitation of Claim 1, whether literally or under the doctrine of equivalents.

28. Tonal's assertions of infringement and OxeFit's denial of infringement have created a substantial, immediate, and real controversy between the parties regarding the non-infringement of the '434 Patent. A valid and justiciable controversy has arisen and exists between OxeFit and Tonal within the meaning of 28 U.S.C. § 2201.

29. A judicial declaration of non-infringement is necessary and appropriate so that OxeFit may ascertain its rights with respect to the '434 Patent.

## PRAYER FOR RELIEF

WHEREFORE, OxeFit respectfully requests that this Court enter judgment in its favor and against Tonal, and grant the following relief:

A. Judgment that OxeFit has not infringed and does not infringe any claim of the '434 Patent, including Claim 1;

B. Judgment in favor of OxeFit and against Tonal on OxeFit's claim;

C. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award of OxeFit's reasonable attorney's fees and costs incurred in defending against Tonal's infringement allegations; and

D.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

OxeFit demands a trial by jury on all issues and claims so triable.

OF COUNSEL:

David R. Wright
Alexis K. Juergens
Foley & Lardner LLP
95 State St Suite 2500
Salt Lake City, UT 84111
801-401-8900
drwright@foley.com
ajuergens@foley.com


Dated:  July 27, 2026

/s/ Christine D. Haynes
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Andrew L. Rosen (#7651)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
302-651-7508
cottrell@rlf.com
haynes@rlf.com
rosen@rlf.com

*Attorneys for Plaintiff OxeFit, Inc.*

7

RLF1 36287696v.1